UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

STUART ELLIOTT BROOKS, #49327                                                    PLAINTIFF

VERSUS                                              CIVIL ACTION NO. 3:10-cv-599-CWR-LRA

MS. WEBB, et al.                                                                DEFENDANTS

**MEMORANDUM OPINION**

On October 22, 2010, the plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and

requested in forma pauperis status. This Court entered on January 3, 2011, an order [6] directing

the plaintiff to file a written response on or before January 25, 2011. Specifically, the order [6]

directed the plaintiff to respond by stating how each named defendant violated his constitutional

rights. Even though the plaintiff was warned that failure to comply with the order [6] could result

in the dismissal of the instant civil action, the plaintiff  failed to comply with the order.

An order to show cause [8] then was entered on February 9, 2011, directing the plaintiff to

respond in writing on or before February 9, 2011, and explain why this case should not be dismissed

for his failure to comply with the Court's order [6] entered on January 3, 2011. The plaintiff was

warned in each of the orders [6 & 8] that failure to comply with any Court orders or the failure to

advise of a change of address could result in the instant civil action being dismissed without further

notice to him.

Once again, the plaintiff failed to comply with an order [8] of this Court. However, out of an

abundance of caution, a second and final order to show cause [10] was entered on March 21, 2011.

The plaintiff was ordered to file a written response on or before April 12, 2011, showing cause why

this case should not be dismissed for his failure to comply with the Court's orders [6 & 8]. The

plaintiff was warned that failure to keep this Court informed of his current address or failure to

comply with the Court's order in a timely manner would be result in the instant civil action being dismissed without further notice to the plaintiff.  The plaintiff has failed to comply with the order [10].

The plaintiff has failed to communicate with the Court, either to inquire as to the status of his case or to provide the Court with a current address.  It is apparent from the plaintiff's failure to communicate with this Court since he filed his Acknowledgment of Receipt [5] on November 30, 2010, that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of plaintiff's claims, the Court's order of dismissal will be without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this Memorandum Opinion will be entered.

This the 23rd day of June, 2011.

s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

2